UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MILLENNIUM FUNDING, INC., et al,<br><br>Plaintiffs,<br><br>v.<br><br>WICKED TECHNOLOGY LIMTED et al.,<br><br>Defendants. | Civil Action No. 1:21-cv-00282-RDA-TCB |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT DOE d/b/a POPCORNTIME.APP**

Plaintiffs MILLENNIUM FUNDING, INC., EVE NEVADA, LLC, HUNTER KILLER PRODUCTIONS, INC., BODYGUARD PRODUCTIONS, INC., GUNFIGHTER PRODUCTIONS, LLC, MILLENNIUM IP, INC., VOLTAGE HOLDINGS, LLC, KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., WONDER ONE, LLC and 42 VENTURES, LLC ("Plaintiffs"), by and through their counsel, submit this Motion for Default Judgment against Defendant Doe d/b/a POPCORNTIME.APP pursuant to Fed. R. Civ. P. 55(b)(2) on the grounds that Defendant has failed to answer or otherwise defend the First Amended Complaint, and Plaintiffs are entitled to judgment as a matter of law against Defendant. Plaintiffs seek judgment against Defendant for: (i) maximum statutory damages of $150,000 for each of the twenty-one (21) copyright protected Works outlined in Exhibit "1" to the FAC, for a total of $3,150,000; (ii) statutory damages of $525,000 for DMCA violations; (iii) maximum statutory damages of $2,000,000 for willful trademark infringement; (iv) actual damages of $4900 for Defendant's breach of contract; (v) a permanent injunction enjoining Defendant from continuing

20-023I

to directly infringe and contribute to infringement of Copyright Plaintiffs' Works; (vi) a permanent injunction restraining Defendant from using the registered trademark Popcorn Time and (vii) attorneys' fees and costs of $35,946.74.  Plaintiffs further request that the Court order: (vii) the domain name registrar Google to transfer the domain "POPCORNTIME.APP" to Plaintiff 42 Ventures, LLC via its counsel; (viii) Cloudflare, Github, Google and any other service provider subject to jurisdiction of the United States cease providing service and access to any or all domain names, websites and accounts through which Defendant engages in the aforementioned copyright infringements, trademark infringements and unfair competitive practices, including the Defendant's new domain http://popcorn-ru.tk; (ix) all software application stores subject to personal jurisdiction of the United States cease distributing the movie piracy app Popcorn Time promoted and distributed by Defendant; and (x) all Internet Service Providers ("ISPs") subject to personal jurisdiction of the United States use their best technical efforts to block access on their servers or servers under their control to the following domains at which Defendant's movie piracy app Popcorn Time is distributed.

      This motion is based upon the Memorandum in Support, the Declaration of Counsel, and the pleadings and record herein.

      DATED: Kailua Kona, HI, Aug. 23, 2021.

Respectfully submitted,

 /s/ Kerry S. Culpepper

Kerry S. Culpepper,
Virginia Bar No. 45292
Counsel for Plaintiffs
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Tel.: (808) 464-4047
Fax.: (202) 204-5181

20-023I

kculpepper@culpepperip.com
*Attorney for Plaintiffs*

**Notice consistent with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)**
(1) A pro se party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and
(2) The Court could dismiss the action on the basis of the moving party's papers if the pro se party does not file a response; and
(3) The pro se party must identify all facts stated by the moving party with which the pro se party disagrees and must set forth the pro se party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and
(4) The pro se party is also entitled to file a legal brief in opposition to the one filed by the moving party.

20-023I

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Benjamin E. Maskell, Esquire
MASKELL LAW PLLC
937 N. Daniel St.
Arlington, VA 22201
Email: Ben@MaskellLaw.com
*Counsel for Defendants Wicked Technology Limited, VPN.HT Limited, and Mohamed Amine Faouani*

I further certify that on August 23, 2021 a true and correct copy of the foregoing was served by email to the following:

| JOHN OR JANE DOE d/b/a POPCORNTIME.APP | hello@popcorntime.sh |
|---|---|
| JOHN OR JANE DOE d/b/a POPCORNTIME.APP | 7efd1e7ec8dd9cc42c87d178fb98497d-19003537@contact.gandi.net |

DATED: Kailua Kona, HI, Aug. 23, 2021.

Respectfully submitted,

 /s/ Kerry S. Culpepper

Kerry S. Culpepper,
Virginia Bar No. 45292
Counsel for Plaintiffs
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Tel.: (808) 464-4047

4

20-023I

5

Fax.: (202) 204-5181
kculpepper@culpepperip.com
***Attorney for Plaintiffs***

5

20-023I