## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

MILLENNIUM FUNDING, INC., *et al.*,

    Plaintiffs,

    v.

WICKED TECHNOLOGY LIMITED d/b/a VPN.HT *et al.*,

    Defendants.

Case No.:  1:21-cv-00282-RDA-TCB

**PROPOSED ORDER GRANTING DEFAULT JUDGMENT**

The Court, having reviewed the Motion of MILLENNIUM FUNDING, INC., EVE NEVADA, LLC, HUNTER KILLER PRODUCTIONS, INC., BODYGUARD PRODUCTIONS, INC., GUNFIGHTER PRODUCTIONS, LLC,  MILLENNIUM IP, INC., VOLTAGE HOLDINGS, LLC, KILLING LINK DISTRIBUTION, LLC, LHF PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., and WONDER ONE, LLC ("Copyright Plaintiffs"), and 42 VENTURES, LLC ("42") (collectively "Plaintiffs") for Default Judgment against Defendant Doe d/b/a POPCORNTIME.APP ("Defendant"), and good cause appearing therefor,

Plaintiffs' Motion is **GRANTED**. Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

Defendant has willfully directly infringed and contributed to infringement of the Copyright Plaintiffs' copyright protected motion pictures as outlined in Exhibit "1" to the FAC ("Works") in violation of 17 U.S.C. §§ 106, 501, *et seq.*;

Defendant has willfully directly infringed Plaintiff 42's registered trademark "Popcorn Time" in violation of 15 U.S.C. §§ 1114;

Defendant knowingly and with the intent to induce, enable, facilitate, or conceal infringement of the copyright protected Works intentionally induced, enticed, persuaded, and caused its subscribers to commit DMCA violations pursuant to 17 U.S.C. § 1202;

Defendant has the right and ability to supervise and control the DMCA violations that occur through the use of its service, and at all relevant times have derived a direct financial benefit from the DMCA violations and infringements complained of in this action, but  Defendant has refused to take any meaningful action to prevent its' subscribers' DMCA violations and infringements;

Defendant knowingly breached the contract between Defendant and Plaintiff 42 regarding their trademark dispute on Twitter;

Defendant was properly served by registered email at its respective email addresses;

Despite notice, Defendant failed to appear and defend in these proceedings;

**Monetary Damages**

Copyright Plaintiffs' request for statutory damages pursuant to 17 U.S.C. § 504(c) against Defendant in the amount of $3,150,000.00 is **GRANTED**;

Copyright Plaintiffs' request for statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for DMCA violations against Defendant in the amount of $525,000.00 is **GRANTED**;

Plaintiff 42's request for statutory damages pursuant to 15 U.S.C. § 1117(c) against Defendant in the amount of $2,000,000.00 is **GRANTED**;

Plaintiff 42's request for actual damages for breach of contract against Defendant in the amount of $4,900.00 is **GRANTED**;

Reasonable attorney's fees may be awarded to the prevailing party as part of the costs. 17 U.S.C. §§ 505, 1203(b)(5).  Accordingly, Plaintiffs' request for attorney's fees against Defendant in the amount of $35,946.74 is **GRANTED**;

The recovery of full costs by or against a party may be awarded pursuant to 17 U.S.C. §§ 505, 1203(b)(4).  Accordingly, Plaintiffs' request for taxable costs of $627 against Defendant is **GRANTED**;

**Permanent Injunction against Defendant**

Copyright Plaintiffs' request for a permanent injunction against Defendant is **GRANTED**. Defendant is enjoined from, directly or indirectly, infringing Copyright Plaintiffs' rights in their motion pictures. Defendant shall not reproduce, copy, distribute, upload, or otherwise make the Works available for public distribution, whether through the Internet or otherwise, absent express written permission from Copyright Plaintiffs;

Plaintiff 42's request for a permanent injunction against Defendant is **GRANTED**. Defendant is enjoined from, directly or indirectly, infringing Plaintiff 42's trademark "Popcorn Time". Defendant shall not use Plaintiff 42's registered trademark, absent express written permission from Plaintiff 42;

**Injunctions against Service Providers used by Defendant**

It is **ORDERED** that, GitHub shall immediately disable and delete the account "https://github.com/popcorn-official" used by Defendant as a software code repository for the movie piracy application Popcorn Time.  GitHub is further ordered to disable any other account that serves as a software code repository for the movie piracy application Popcorn Time upon notice from Plaintiffs within 72 hours of receipt of this Order;

It is **ORDERED** that, Cloudflare, Google and any other service provider cease

providing service for Defendant's websites and software application Popcorn Time and that, upon Plaintiffs' request, those in privity with Defendant and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries and/or their administrators that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendant engages in the aforementioned infringements and/or where Popcorn Time is distributed including but not limited to: http://popcorn-ru.tk; https://popcorn-time.tw/; https://popcorntime-online.ch/; and https://popcorn-time.en.uptodown.com within 72 hours of receipt of this Order;

It is **ORDERED** that, all software application stores subject to personal jurisdiction in the United States including but not limited to the Google app store, the Apple app store, APKMirror app store, APKPure app store, and Aptoid app store, cease distributing the movie piracy app Popcorn Time promoted and distributed by Defendant within 72 hours of receipt of this Order.

## Domain Name Transfer

It is **ORDERED** Defendant's domain name registrar Google, LLC and/or the individual registrars holding or listing the domain name popcorntime.app used in conjunction with Defendant's websites and application shall immediately transfer these domain names, or any subset of these domain names, to Plaintiff 42.

## Website Blocking Order

It is **ORDERED** that, within 60 days receipt of this order, all Internet Service Providers ("ISPs") subject to personal jurisdiction of the United States use their best technical efforts to **BLOCK** access on their servers or servers under their control to the following Target Domain Names at which Defendant's movie piracy app Popcorn Time is distributed:

http://popcorn-ru.tk; https://popcorn-time.tw/; and https://popcorntime-online.ch/.  The ISPs can

comply with this Order by (a) Domain Blocking of the Target Domain Names; (b) IP Address

blocking or re-routing in respect of the IP Addresses for the Target Domain Names; (c) URL

blocking in respect of the Target URLs and the Target Domain Names; (d) any alternative technical

means for disabling access to the Target Domain Names as agreed by Plaintiffs in writing; or (e)

submitting an affidavit by a company officer attesting that the ISP has used their best technical

efforts to block access to the domains and describing their technical efforts.  The ISPs can file any

objection to this Order after having met and conferred with Plaintiffs to attempt to resolve any

dispute concerning this Order.  The Plaintiffs can update this Target Domain Name list at most

two times a year by notifying the ISPs of further domains used for distributing Popcorn Time

unless further updates are accepted by the ISPs.

Any third party who asserts an ownership interest in any target domain name and/or

IP address on this list or any updated list may make an appropriate motion in this Court after first

attempting to meet and confer with Plaintiff by contacting Plaintiff's counsel to protect their rights.

The Court will retain jurisdiction for the purpose of enforcing the Order.

The Clerk is instructed to enter this Final Default Judgment immediately.

SO ORDERED THIS _____ day of _____, 2021.

_____

United States District Judge