IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MILLENNIUM FUNDING, INC., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 1:21-CV-282 (RDA/TCB) |
| WICKED TECHNOLOGY LIMITED d/b/a/ VPN.HT, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM IN SUPPORT OF NON-PARTY GOOGLE LLC'S
UNOPPOSED MOTION FOR LEAVE TO FILE
OBJECTIONS TO CERTAIN PROVISIONS OF
<u>PLAINTIFFS' PROPOSED DEFAULT JUDGMENT ORDER</u>**

Non-party Google LLC submits this memorandum in support of its unopposed motion for leave to file objections to certain provisions of Plaintiffs' Proposed Default Judgment Order.

While Google is not a named party in this action, it is expressly named in certain provisions of Plaintiffs' Proposed Default Judgment Order. *See* Dkt. No. 43-4. Google seeks leave from the Court to file objections to these and other provisions of Plaintiffs' Proposed Default Judgment Order that, if entered, could impact Google in its role as a domain name registry operator and online intermediary. These provisions of Plaintiffs' Proposed Default Judgment Order are sweeping, burdensome, and contrary to law. Google seeks to file a brief to ensure that this Court understands why and to adequately protect its interests in the event that a default judgment is entered in this case.

In its operative Complaint, Plaintiffs assert claims for direct, contributory, and vicarious copyright infringement, 17 U.S.C. § 501 *et seq.*, violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125, and other claims against Defendants—of which Google is not one—all

arising out of an online service operating under the name "Popcorn Time." *See* Dkt. No. 7. In short, Plaintiffs allege that Defendants are posing as the legitimate "Popcorn Time," distributing infringing copies of Plaintiffs' motion pictures, and failing to comply with the DMCA. *See id.* ¶¶ 110-216. Non-party Google takes no position with the respect to the liability of these Defendants.

On April 7, 2021, the Court issued a Temporary Restraining Order. *See* Dkt. No. 16. Among other provisions, the Temporary Restraining Order required non-party Google to "immediately lock the domain name POPCORNTIME.APP . . . to prevent transfer to a third party." *Id.* at 9. Plaintiffs served Google, the registry operator for the .APP generic top-level domain, with the Temporary Restraining Order on April 9, 2021, seeking compliance.[1] *See* Dkt. No. 18. The Court later issued a Preliminary Injunction Order on April 21, 2021, which incorporated the terms of the Temporary Restraining Order. *See* Dkt. No. 26. Based on Google's preliminary investigation, Google was not served with the Preliminary Injunction Order.

Because certain Defendants defaulted, Plaintiffs filed a motion for default judgment on August 23, 2021, and noticed a hearing on that motion for September 3, 2021. Dkt. Nos. 42-45. Google was not served with that motion or any of its supporting papers.

With their motion, Plaintiffs submitted a proposed order that expressly named non-party Google and purports to require Google to undertake certain actions once judgment is entered. Dkt. No. 43-4 at 4-5 ("It is ORDERED that Google . . . cease providing service for Defendant's websites and software application Popcorn Time and that, upon Plaintiffs' request, those in privity with Defendant . . . ."); *id.* at 4 ("It is ORDERED that . . . the Google app store . . . cease distributing the movie piracy app Popcorn Time . . . ."); *id.* ("It is ORDERED that Defendant's domain name

---

[1] On information and belief, Plaintiffs also served the Temporary Registration Order on the domain name registrar for POPCORNTIME.APP, and the registrar locked that domain name prior to Google locking the domain at the registry level.

registrar Google, LLC[2] . . . shall immediately transfer [Defendant's] domain names, or any subset of these domain names, to Plaintiff 42."). Other terms of Plaintiffs' Proposed Default Judgment Order could be interpreted to apply to Google. For example, Google provides Internet service, and Plaintiffs' Proposed Default Judgment Order purports to require "Internet Service Providers" to block certain domain names on a list which Plaintiffs can update twice a year. *See id.* at 4-5. Google also operates a search engine, and Plaintiffs' Proposed Default Judgment Order purports to require "any Internet search engines . . . to cease facilitating access to any or all domain names and websites through which Defendant engages in the aforementioned infringements." *See id.* at 4.

The Court held a hearing on Plaintiffs' Motion for Default Judgment on September 3, 2021, the Defendants subject to that motion failed to appear, and that motion is now pending a report and recommendation from Magistrate Judge Buchanan. Dkt. No. 48.

Even though it was named in Plaintiffs' proposed order, Google was not served with Plaintiffs' Motion for Default Judgment and accompanying papers. Google thus did not learn of the problematic provisions of Plaintiffs' Proposed Default Judgment Order in time to participate in briefing on that Motion or the September 3, 2021 hearing. Rather than wait until Magistrate Judge Buchanan issues her Report and Recommendation, Google seeks leave to make its objections known now, so that they may be considered in the course of preparing that Report and Recommendation.

Because Google stands to be directly impacted if the Court enters Plaintiffs' Proposed Default Judgment Order, Google seeks leave to file a brief, comporting with Local Rule 7(F)(3), detailing its objections to certain provisions of Plaintiffs' Proposed Default Judgment Order,

---

[2] As noted above, Google is not the registrar for the Defendants' domain name. On information and belief, Gandi SAS is the domain name registrar for POPCORNTIME.APP. Google is the registry operator for the .app generic top-level domain.

within fourteen days of the Court granting Google leave. Plaintiffs' Proposed Default Judgment Order raises significant issues, including the due process limitations on the scope of non-party injunctions, often without notice, under Fed. R. Civ. P. 65 and the bounds of the DMCA. Google seeks to make those issues known to the Court through its filing and to protect its interests in this proceeding.

## **CONCLUSION**

For the foregoing reasons, non-party Google respectfully requests that this Motion be granted and that it be permitted to file a brief detailing its objections to Plaintiffs' Proposed Default Judgment Order (Dkt. No. 43-4) within fourteen days of the Court granting this Motion.

Respectfully submitted,

Dated: October 5, 2021            GOOGLE LLC

By:    */s/Mary D. Hallerman*
Mary D. Hallerman (VSB No. 80430)
SNELL & WILMER LLP
2001 K. Street N.W.
Suite 425 North
Washington, D.C. 20006
Telephone (202) 908-4262
mhallerman@swlaw.com

Joseph C. Gratz (*pro hac vice* forthcoming)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
jgratz@durietangri.com

*Attorneys for Non-Party Google LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I filed the foregoing document with the Court's CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record:

| | |
|---|---|
| Timothy Brooks Hyland<br>Tyler Southwick<br>Hyland Law PLLC<br>1818 Library St<br>Suite 500<br>Reston, VA 20190<br>Telephone: 703-956-3566<br>Email: thyland@hylandpllc.com;<br>tsouthwick@hylandpllc.com<br><br>Kerry Steven Culpeper<br>Culpepper IP, LLC<br>75 170 Hualalai Road<br>Suite B204<br>Kailua Kona, HI 96740<br>Telephone: 808-464-4047<br>Email: kculpepper@culpepperip.com<br><br>*Counsel for Plaintiffs* | Benjamin Edwards Maskell<br>Maskell Law PLLC<br>888 N Quincy St<br>Arlington, VA 22203<br>Telephone: 703-568-4523<br>Email: ben@MaskelLaw.com<br><br>*Counsel for Defendants Wicked Technology Limited d/b/a VPN.ht, VPN.HT Limited, Mohamed Amine Faouani* |

      By:    */s/Mary D. Hallerman*
               Mary D. Hallerman (VSB No. 80430)
               SNELL & WILMER LLP
               2001 K. Street N.W.
               Suite 425 North
               Washington, D.C. 20006
               Telephone (202) 908-4262
               mhallerman@swlaw.com

               *Attorney for Non-Party Google LLC*