IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MILLENNIUM FUNDING, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-282 (RDA/TCB) |
| ) | |
| WICKED TECHNOLOGY LIMITED d/b/a ) | |
| VPN.HT, VPN.HT LIMITED, MOHAMED ) | |
| AMINE FAOUANI, JOHN OR JANE DOE ) | |
| d/b/a POPCORNTIME.APP, and DOES ) | |
| 1-100, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter comes before the Court upon the Report and Recommendation ("Recommendation") issued by Magistrate Judge Theresa Buchanan on October 15, 2021. Dkt. 64. In this case involving claims under the Copyright Act, the Digital Millennium Copyright Act ("DMCA"), and the Lanham Act, Judge Buchanan recommends that default judgment be entered against Defendant Doe, that Plaintiffs be awarded damages and costs, and that Defendant Doe be enjoined from engaging in certain infringing behavior.

Plaintiffs filed a proposed addition to the Recommendation on October 24, 2021, which they have styled as an objection. *See* Dkt. 68. The substance of this objection is merely a request that this Court clarify that the injunctive relief Judge Buchanan recommends also extends to transferring the domain name to Plaintiff 42 Ventures, LLC. *See id.* at 2. The Recommendation carefully recites Defendant Doe's copyright infringements, trademark infringements, and DMCA violations, including how Defendant Doe has created a new domain name to continue its infringing activities in spite of the preliminary injunction this Court entered. Specifically, Judge Buchanan

found that "after the discontinuation of popcorntime.app, Defendant Doe created a new domain name . . . and directed users to the site" in an online forum, noting that "Defendant Doe continues to distribute the peer-to-peer file sharing BitTorrent software Popcorn Time on this domain." Dkt. 64 at 11. The Recommendation, therefore, clearly contemplates that this Court transfer the domain name POPCORNTIME.APP, and the Court now enters an injunction that grants such relief.[1]

After reviewing the record and Judge Buchanan's Recommendation, and upon a de novo review of the portion of the Recommendation to which Plaintiffs have objected, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 64) with the additional provision that the domain name POPCORNTIME.APP shall be transferred as part of the Court's injunction. Dkt. 64. Accordingly, it is hereby ORDERED that Plaintiffs' Motion for Default Judgment (Dkt. 42) is GRANTED; and it is

FURTHER ORDERED that default judgment be entered against Defendant Doe; and it is

FURTHER ORDERED that Plaintiffs are awarded $5,715,846.74, which includes $3,150,000.00 in statutory damages under the Copyright Act, 17 U.S.C. § 504(c); $525,000.00 in damages under the DMCA, 17 U.S.C. § 1203(c)(3); $2,000,000.00 in statutory damages under the Lanham Act, 15 U.S.C. § 1117(c); $4,900.00 in direct contract damages; $35,319.74 in attorneys' fees under 17 U.S.C. §§ 505, 1203(b)(5); and $627.00 in costs; and it is

FURTHER ORDERED that Defendant Doe shall be subject to a permanent injunction requiring Defendant Doe to (1) cease directly and contributorily infringing on Copyright Plaintiffs' works via Popcorn Time by any method, distributing the works, or making the works available for distribution to the public (except pursuant to a lawful license or with express authority from

---

[1] The only basis for Plaintiffs' objection is that the Recommendation does not include this language in its conclusion. *See* Dkt. 64 at 31-32; *see also* Dkt. 68 at 2. Plaintiffs object to no other portion of the Recommendation.

2

Copyright Plaintiffs); (2) cease using the Trademark Popcorn Time; and (3) transfer the domain POPCORNTIME.APP to the control of Plaintiff 42 Ventures, LLC within five days of receipt of this Order. If Defendant Doe does not transfer the domain name POPCORNTIME.APP to Plaintiff 42 Ventures, LLC within five days of receipt of this Order, Plaintiff 42 Ventures, LLC may serve this Order on the registry of record with a request that the registry facilitate the transfer of the domain to the control of Plaintiff 42 Ventures, LLC.

The Court specifically retains jurisdiction for the purpose of enforcing this Order.

The Clerk is directed to enter judgment against Defendant Doe in this matter pursuant to Federal Rule of Civil Procedure 55, forward copies of this Order to counsel of record, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
January 20, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge